Pepin Urbano GOMEZ–MIRANDA, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–71733.
Agency No. A72–681–693.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 23, 2004.

Pepin Urbano Gomez–Miranda, Los Angeles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office Of The District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, David Dauenheimer Fax, U.S. Department of Justice, Washington, DC, for Respondent.

Before PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM**

Pepin Urbano Gomez–Miranda, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal and for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's denial of asylum for substantial evidence and may reverse only if the evidence compels a contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

Substantial evidence supports the BIA's finding that petitioner failed to establish past persecution or a well-founded fear of future persecution. Petitioner failed to establish that the guerillas' attempt to recruit him into their army was on account of an actual or imputed political opinion since he was not a member of a political party, and no evidence suggested that the guerillas imputed a political opinion to him. *See id.* at 482–83; *Molina–Estrada v. INS,* 293 F.3d 1089, 1096 (9th Cir.2002) (denying asylum because there was no evidence that alien's father, who was in the Guatemalan army, held a particular political opinion, or that the guerillas knew of or assumed any such beliefs). By failing to qualify for asylum, petitioner necessarily fails to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

In addition, petitioner is not entitled to relief under CAT because he failed to demonstrate that it was more likely than not that he would be tortured upon return to Guatemala. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon the issuance of the mandate.

**PETITION DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

